## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
## CIVIL ACTION NO. 7:15-cv-00028-FL

| | |
|---|---|
| DEBRA J. DAVIS,<br>            Plaintiff,<br>v.<br>STATE FARM LIFE INSURANCE COMPANY,<br>            Defendant. | **STIPULATED PROTECTIVE ORDER** |

  THIS CAUSE coming on to be heard before United States District Judge Louise W. Flanagan upon application of the parties for entry of a Protective Order; and it appearing to the Court for good cause shown that discovery and the trial of this action may involve the production and disclosure of confidential and proprietary information such that the entry of this Protective Order providing protection against unrestricted disclosure or use is appropriate;

  THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that pursuant to Rule 26 of the Federal Rules of Civil Procedure, the following confidentiality provisions shall apply and govern in this case:

  WHEREAS, the parties agree that the entry of a protective order is necessary in this matter to expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial.

  To facilitate the production and receipt of information in this action, the parties stipulate and agree, through their respective counsel, to the entry of the following proposed Stipulated Protective Order (the "Protective Order" or "Order") for the protection of information, documents, testimony or things that may be produced or otherwise disclosed by any party or non-party in this action, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

**A. Definitions**

  1. All words or phrases have their ordinary dictionary definition unless defined below.

  2. "Party" or "parties" means any parent, subsidiary or affiliate corporation of the named parties, their successors-in-interest and predecessors-in-interest, and their employees, agents and representatives in the above-referenced case.

3.  The word "document" shall include the items listed in Fed. R. Civ. P. 34(a) and shall further include, but not be limited to, any written or recorded material, contracts, subcontracts, agreements, correspondence, e-mails, memoranda, notes, reports, data, working papers, analyses, statements, ledgers, books, invoices, diaries, desk calendars, videotapes, audio tapes, microfilm, microfiche, computerized data bases, hard computer disks, floppy computer disks, zip drives, flash drives, compact disks, zip disks, CD-ROMs, DVDs, magnetic tapes of any kind, computer memory of any kind, optical media, recordings and all other data computations from which information can be obtained, electronic mail or other electronic transmissions of information or data.  The term "document" includes the original, any summaries of the original, and all non-identical copies of the original.

**B. Terms**

1.  The provisions of this Order shall apply to both parties from the date the Order is entered.

2.  All documents designated Confidential in accordance with the terms of this Order which are produced by a party during the course of this action shall be used solely for the purpose of preparing for this action and may not be used for any other purpose.

3.  Certain information and documents to be produced by the parties during discovery in this litigation may contain (i) proprietary information, confidential business information, and/or trade secrets relating to its business; (ii) information in which the party has a privacy interest; or (iii) information a party believes is protected from disclosure under applicable law that should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

4.  The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Order shall be all those documents or information designated by one or more of the parties as CONFIDENTIAL in accordance with the terms of this Order, whether such documents or information are supplied in response to the demands or requests of either party, formal or informal, and regardless of whether produced or disclosed by a party or by any person or entity presently or formerly affiliated with a party.

5.  All documents or information designated CONFIDENTIAL in accordance with the terms of this Order shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose.  However, documents or information which are in or can be obtained from the public domain, even if they are the same as or similar to documents or information designated under this Order as CONFIDENTIAL, shall not be subject to the terms of this Order.

6.  The parties shall designate documents or information as CONFIDENTIAL by marking documents with the legend "CONFIDENTIAL" or by stating on the record (as in a deposition) or in writing (as in correspondence from counsel containing such information) that information is designated as CONFIDENTIAL.  As used in this Order, the term "Confidential

Information" shall refer to any documents or information so designated as CONFIDENTIAL, but does not include the documents produced by the parties prior to the entry of this Order.

7. Any written discovery response containing confidential information shall be marked with the legend "Confidential" and shall be bound separately from responses not containing confidential information.

8. In the event a question is asked at a deposition which calls for the disclosure of confidential information, counsel for the party claiming confidentiality may designate the question and answer thereto as confidential by making, at the deposition, a statement on the record so designating such portions and by directing the reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend "Confidential." Each party shall have fifteen (15) days from the date on which the deposition transcript is first available to the parties to designate portions thereof in accordance with the terms of this Order, and the entire deposition transcript shall be treated as "Confidential" by the Parties until the expiration of this fifteen (15) day period. The producing party may exclude from the deposition any individual not entitled to access to the producing party's "Confidential" information during portions of any deposition during which such information will be disclosed.

9. The parties and their attorneys shall treat such Confidential Information as confidential and shall not disclose such information, in any form, except for purposes of this lawsuit and then only to persons with a need to know.

10. It is understood that none of the parties, their attorneys, nor any person employed by them obtains any right to license or to use Confidential Information received in this litigation other than for purposes of this litigation.

11. Any person or entity that is affiliated with either party that produces Confidential Information in response to a discovery request or subpoena in this action shall be a third party beneficiary of this Order and may pursue all remedies available for breach thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

12. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony or thing: (1) is relevant and subject to discovery; (2) is or is not confidential or proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

13. This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the

terms of this Order. However, this Order shall be subject to revocation or modification by Order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence should the Court so decide.

14. The parties and their attorneys shall advise any representative or consultant having access to Confidential Information provided pursuant to this Order that said representatives or consultants shall be bound by this Order. All such consultants shall, upon conclusion of this litigation, destroy all documents designated as Confidential Information. Any original materials, including tapes, discs, and photographs, shall be returned to counsel for the party producing them upon the conclusion of the litigation within 60 days.

15. All documents and discovery materials designated as "Confidential" that are filed with the Court, and all pleadings, motions or other papers filed with the Court that contain or disclose confidential information, shall be filed under seal in accordance with the Local Rules. The accompanying motion should set forth that the contents of the document are Confidential and subject to this Protective Order. Such documents shall be kept under seal until further Order of the Court; provided, however, that such information shall be available to the Court and, in the case of material designated as "Confidential," to the parties. If a party wishes to use or reference during any hearing or at trial any material designated by the producing party as "Confidential," the party shall disclose the information only in closed court, absent subsequent agreement of the parties or order of this Court.

16. If documents or information is inadvertently disclosed to any person other than in the manner authorized by this Order, the disclosing party must promptly inform the producing party of all pertinent facts relating to such disclosure.

17. If any Confidential Information is inadvertently produced and the producing party has inadvertently failed to designate such document or information as "Confidential," the producing Party may nevertheless designate the document, material, or information as such. The inadvertent production of Confidential Information shall not waive the confidentiality of the document or information produced or constitute a waiver of any otherwise valid claim of privilege if such claim is asserted no later than fifteen (15) days after the first notice that the privileged information was disclosed or will be submitted to the Court for use in some proceeding.

18. Upon assertion of a claim of privilege with respect to inadvertently produced documents, the party in receipt of the inadvertently produced documents shall promptly return to the producing party all copies of such documents. Any party who received an inadvertently produced document may challenge the producing party's assertion of privilege by filing a motion to compel or other appropriate discovery motion with the Court. Prior to a determination of the validity of the claim of privilege by the Court, the information for which the claim is asserted shall not be disseminated or published in any way, nor shall it be used for any purpose in the litigation other than to determine the validity of the claim of privilege.

19. Failure to assert a privilege as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, including other documents involving the same subject matter.

20. A party in receipt of obviously privileged documents shall (1) assume that the documents were inadvertently produced; (2) refrain from further examining the materials, (3) notify counsel for the producing party; and (4) comply with the instructions of counsel for the producing party with respect to the return, destruction, or other disposal of the said documents.

21. If a party is filing under seal confidential documents, things, and/or information, it shall be in accordance with the requirements of *Stone v. University of Maryland Medical Systems Corp.*, 855 F.2d 178, 180–81 (4th Cir. 1988). Specifically, each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

22. Unless otherwise ordered by the Court, documents or other information identified by any party as "CONFIDENTIAL," as well as any copies, shall within sixty days (60) days after the conclusion of this action by settlement or final judgment, be returned to the party producing such documents or information.

This 16th day of September, 2015.

_____
LOUISE W. FLANAGAN
U.S. DISTRICT COURT JUDGE

WE CONSENT:

/s/ DANE R. SCALISE
Dane R. Scalise
Attorney for Plaintiff

/s/ SCOTT LEWIS
Scott Lewis
Pamela L. Carter
Attorneys for Defendant