IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-00028-FL

| | |
|---|---|
| DEBRA J. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| STATE FARM LIFE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for summary judgment, made pursuant to Federal Rule of Civil Procedure 56. (DE 55, 61). In this posture, the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion is granted in part and denied in part and defendant's motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff is the alleged owner and beneficiary of a life insurance policy ( the "policy") issued by defendant on Brad Davis (the "insured"). Plaintiff initiated this action in Superior Court of New Hanover County, North Carolina on January 6, 2015, asserting claims against defendant arising from defendant's management of the policy. Specifically, plaintiff alleged that defendant engaged in unfair and deceptive trade practices, in violation of N.C. Gen. Stat. § 58-63-15(11) ("UDTPA"). Plaintiff also sought declaratory judgment "that the [p]olicy [o]wner and beneficiary may not be changed except upon request from the [p]olicy [o]wner." (DE 1-1 at 9).

Defendant removed the case on February 11, 2015, invoking this court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1446. Defendant then answered the complaint and moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6). In response, plaintiff filed her first amended complaint, causing this court to deny defendant's motion to dismiss as moot. Plaintiff's amended complaint reiterated her prior claims and asserted a breach of contract claim against defendant.

On April 16, 2015, defendant answered plaintiff's amended complaint and moved for judgment on the pleadings on plaintiff's breach of contract and UDTPA claims. Before the court could address defendant's motion, plaintiff moved for leave to file a second amended complaint, which the court granted over defendant's objection. At that time, the court also denied defendant's motion for judgment on the pleadings as moot.

On August 24, 2015, plaintiff filed the instant second amended complaint. The second amended complaint reasserts plaintiff's UDTPA and breach of contract claims and clarifies certain relevant facts, and amends her claim for declaratory judgment. Plaintiff now seeks declaratory judgment that she "is the [o]wner and beneficiary of the [p]olicy, that [she] must be immediately restored as the beneficiary of the [p]olicy, and that [she] may not be removed as beneficiary of the [p]olicy without [her] consent." (DE 33 at 9).[1] Plaintiff also seeks monetary and compensatory damages, as well as trial by jury.

Defendant then renewed its motion for judgment on the pleadings, seeking dismissal of plaintiff's breach of contract and UDTPA claims. The court granted defendant's motion on February 18, 2016, leaving plaintiff's claim for declaratory judgment the sole remaining claim.

---

[1] In its answer, defendant contends that it did not have a legal obligation to obtain plaintiff's consent to make changes to the policy since plaintiff was never valid owner or beneficiary of the policy.

Following a period of discovery, defendant filed the instant motion for summary judgment, accompanied by a memorandum of law in support thereof and a statement of material facts.[2] (DE 55–57). In support of summary judgment, defendant relies upon the policy, the marital dissolution agreement between the insured and his former spouse, the deposition of plaintiff, defendant's internal policies, and correspondence between plaintiff and defendant regarding the policy. Defendant contends that because the insured failed to obtain consent of the policy's original irremovable beneficiary, any subsequent change naming plaintiff as owner and beneficiary are void. Defendant requests that the court declare that Payton is the irrevocable beneficiary of the policy and that the insured is the owner.

In response, plaintiff filed a cross-motion for summary judgment, accompanied by a memorandum of law in support thereof and a statement of material facts. (DE 61–63). Plaintiff relies on the policy to support summary judgment in her favor. Plaintiff contends that because the insured followed the procedure for changing the owner and beneficiary as set forth in the policy, defendant had no authority to remove her as such without her prior consent.

## STATEMENT OF UNDISPUTED FACTS

On March 16, 1998, the insured was ordered by the Circuit Court of Shelby County, Tennessee, pursuant to a marital dissolution agreement ("MDA") between the insured and his former spouse, Jennifer Davis, to obtain a life insurance policy on himself with their daughter, Payton

---

[2] Where defendant also requests declaratory relief in its motion for summary judgment, the court construes defendant's motion, at least in part, as a counterclaim for declaratory judgment. (See DE 55 at 4) ("Defendant State Farm moves the [c]ourt to grant its [m]otion for [s]ummary [j]udgment <u>and declare Payton Davis is the irrevocable beneficiary of the policy and Brad Davis is the owner of the policy</u>.") (emphasis added). Additionally, the court construes plaintiff's response to defendant's motion, in part, as an answer to defendant's counterclaim. Since the parties have stipulated that no material facts are in dispute, (see DE 57 at 4; DE 62 at 4), all claims and counterclaims are ripe for adjudication by this court.

3

Davis ("Payton") listed as irrevocable beneficiary.³ (DE 56 ¶ 1; DE 63 ¶ 1). Pursuant to that order and the MDA, the insured obtained the policy from defendant on March 28, 1999. (DE 33 ¶ 6). The issued policy and accompanying endorsement designated the insured as owner and Payton as the irrevocable beneficiary. (DE 56 ¶ 2; DE 63 ¶ 2). Payton was a minor at that time, so her grandmother, Nancy Davis (the "trustee"), was designated as trustee. (DE 56 ¶ 23; DE 63 ¶ 2). The policy reserves in the owner the right to change the owner and/or beneficiary. (DE 33-1 at 8).

On January 14, 2010, the insured, while owner of the policy, changed the policy's beneficiary from Payton to Jackson Davis, the insured's son from his second wife. Neither Payton nor the trustee consented to this change. (DE 56 ¶ 6; DE 63 ¶ 5). After receiving the request, defendant listed Jackson Davis as beneficiary of the policy.⁴ (DE 56 ¶ 7). Thereafter, on May 9, 2011, the insured changed the policy's beneficiary from Jackson Davis to plaintiff, his third wife. (DE 33 ¶ 10).⁵ Defendant then listed plaintiff as beneficiary of the policy. (DE 56 ¶ 5, 9; DE 63 ¶ 8, 12). In late 2012, the insured changed the policy's owner from himself to plaintiff, which defendant honored by listing plaintiff as such on policy documents. (DE 33 ¶ 12). Neither Payton nor the trustee consented to the ownership change. (DE 56 ¶ 14; DE 63 ¶ 15).

Sometime in May 2014, defendant initiated internal review of the policy and the insured's change of beneficiary requests. (DE 56 ¶ 14; DE 63 ¶ 15–16). Defendant determined that the change requests did not comport with its own internal policies⁶ since the trustee did not consent to the

---

³Defendant was not a party to the court order or MDA.

⁴Unlike Payton, Jackson was not listed as an irrevocable beneficiary. (DE 56 ¶ 8; DE 63 ¶ 7).

⁵According to plaintiff, the insured and plaintiff divorced in or around October 2014. (DE 63 ¶ 14).

⁶Defendant has an internal policy that explains how to record irrevocable beneficiary designations. When a policy designates an irrevocable beneficiary, the internal policy requires the following language to be added to the beneficiary acknowledgment letter: "No rights or privileges given to the policy owner under the policy may be

4

changes. (DE 56 ¶ 14; DE 63 ¶ 15–16). On its own initiative, and without plaintiff's consent, defendant took steps to revert the policy's beneficiary designation back to Payton. (DE 56 ¶ 15–16; DE 63 ¶ 18–21). At that time, defendant also attempted to return to plaintiff the premiums she paid on the policy, however, plaintiff did not accept the offered reimbursement. (DE 56 ¶ 16; DE 63 ¶ 21).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986); see United States v. Monsanto Co., 858 F.2d 160, 171 (4th Cir. 1988). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant

---

exercised without the written consent of any irrevocably designated beneficiary. The interest of any irrevocable beneficiary is limited to the proceeds payable at the Insured's death." (DE 56-2 at 47).

is to be believed, and all justifiable inferences are to e drawn in the [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489.

B. Analysis

As a threshold matter, this court has jurisdiction to enter declaratory judgment. In North Carolina, "[a]ny person interested under a . . . written contract or other writing[] constituting a contract . . . may have determined any question of construction or validity arising under the instrument . . . [or] contract, . . . and obtain a declaration of rights, status, or other legal relations . . . ." N.C. Gen. Stat. § 1-254. Where plaintiff is interested under the policy, the court may determine whether she is owner and beneficiary of the policy and whether she may be removed as such without her consent.

Absent a choice of law provision, "[t]he interpretation of a contract, and the rights and obligations under it of the parties thereto, are to be determined in accordance with the . . . . the law

6

of the place where the contract is made." Fast v. Gulley, 271 N.C. 208, 211 (1967). Since the policy at issue was executed in Tennessee, Tennessee law governs its construction.

In Tennessee, insurance policies are contracts, which are construed in accordance with common contract law principles. See Osborne v. Mountain Life Ins. Co., 130 S.W.3d 769, 773 (Tenn. 2004). Terms used in an insurance policy are given their plain and ordinary meaning. Martin v. Powers, 505 S.W. 3d 512, 517 (Tenn. 2016). "The ordinary meaning envisioned is the meaning which the average policy holder and insurer would attach to the policy language." Id. A policy should "be construed as a whole in a reasonable and logical manner, . . . and the language in dispute should be examined in the context of the entire agreement." Garrison v. Bickford, 377 S.W. 3d 659, 662 (Tenn. 2012).

Here, the parties dispute whether, as an irrevocable beneficiary, Payton's consent was a necessary predicate to changing the policy's ownership and beneficiary designations. Plaintiff contends that since the terms of the policy's change of beneficiary and ownership provisions do not explicitly require Payton's consent, subsequent changes by the insured designating plaintiff as owner and beneficiary were proper. On the other hand, defendant contends that, notwithstanding the policy terms, the common law meaning of the term "irrevocable beneficiary" and Payton's designation as such indicates that her consent is required to change the policy beneficiary and/or owner.

The policy does not define the term "irrevocable." Therefore, the court gives the term its ordinary meaning as informed by standard, nonlegal dictionaries. See e.g., Travelers Indem. Co. of Am. et al. v. Moore & Assocs, Inc., 216 S.W.3d 302, 308 (Tenn. 2007); Swindler v. St. Paul Fire & Marine Ins. Co., 444 S.W.2d 147, 149 (Tenn. 1969). As commonly understood, the term irrevocable means "[n]ot able to be changed, reversed, or recovered; final." Oxford English

Dictionary Online, http://www.oed.com/view/Entry/99831?redirectedFrom=irrevocable#eid, [https://perma.cc/Q2U9-QAJJ]. Consistent with this understanding, courts in Tennessee have found that an irrevocable beneficiary cannot be changed without his or her consent. See e.g., Goodrich v. Mass. Mut. Life Ins. Co., 240 S.W. 2d 263, 271 (Tenn. App. 1951). In light of this, Payton's consent was required for the insured to change the policy's designated beneficiary. Since neither Payton nor the trustee consented to the beneficiary changes, they are ineffectual. Accordingly, Payton is the proper beneficiary of the policy.

This result is also warranted since Payton was designated as policy beneficiary pursuant to the MDA. In Tennessee, "an enforceable agreement, such as a martial dissolution agreement, which mandates that an individual be listed as a beneficiary of a life insurance policy . . . vests in that individual an equitable interest in the policy." Holt v. Holt, 995 S.W. 2d 69, 72 (Tenn. 1999). Consequently, "an attempt by the insured to change the beneficiary without the joinder of the beneficiary cannot affect the rights of the latter." Id. at 72–73.

Here, Payton was designated as policy beneficiary pursuant to a MDA. The MDA required the insured to "carry life insurance on his life with [Payton] as the irrevocable beneficiary in the minimum amount of $100, 000.00." (DE 56-2 at 13). Since the divorce decree incorporated the MDA and "require[d] the [insured] to keep a life insurance policy[, which] in effect denie[d] him the right to change the beneficiary," Payton, as named beneficiary, has a vested right in the policy. First Nat'l Bank of Shelbyville v. Mut. Ben. Life Ins. Co., 732 S.W. 2d 278, 279 (Tenn. Ct. App. 1987) (internal citations omitted). Accordingly, the "subsequent attempt of the insured, ex parte and without court approval, to change the beneficiary . . . [is] ineffectual." Dossett by Dossett v. Dossett, 712 S.W.2d 96, 99-100 (Tenn. 1986). Consequently, Payton is beneficiary of the policy.

Plaintiff argues that because the change of beneficiary provision does not explicitly require Payton's consent to effectuate policy changes, subsequent changes to the policy beneficiary are valid since the insured changed the beneficiary designation in accordance with the relevant policy provision. Although a change of beneficiary is normally accomplished when the insured substantially complies with the relevant policy provision, Payton's designation as "irrevocable beneficiary," made her consent a necessary predicate to changing the policy's beneficiary. Since the insured did not obtain Payton's consent prior to changing the policy's beneficiary designation, any attempt change Payton as the policy beneficiary is invalid. See Dossett by Dossett, 712 S.W. 2d at 99-100. Accordingly, Payton, not plaintiff, is proper beneficiary of the policy. Because Payton is proper beneficiary of the policy, the court need not address whether or not defendant properly removed plaintiff as policy beneficiary.

Notwithstanding the foregoing, the insured's ownership change was valid. Under Tennessee law, changes in policy owners or beneficiaries are only valid where policy provisions governing such changes are followed. See e.g., Mass. Mut. Life Ins. Co. v. Henry, 638 S.W. 2d 410, 412 (Tenn. 1982). Here, in accordance with the policy, the insured "change[d] the ownership of th[e] policy by sending [defendant] a request while [he was] alive." (DE 33-1 at 8). The policy contains no terms reserving in defendant the right to change the policy's ownership designation. Although defendant's internal policies require an irrevocable beneficiary's consent to effectuate ownership changes, such policies are not part of the contract. (DE 56 ¶ 12).

Relying on Ohio Nat'l Life Assurance Corp., v. Jones, No.11-23786-CIV, 2013 WL 1900446, at *8–*9 (S.D. Fla. May 7, 2013), defendant argues that because the divorce decree ordered the insured to maintain a life insurance policy with Payton designated as irrevocable

9

beneficiary, the insured's ownership interest was divested, giving Payton an indefeasible interest in the policy. In <u>Ohio Nat'l Life Assurance,</u> the court addressed whether or not a <u>change of beneficiary</u> by the insured was valid. <u>Id.</u> (emphasis added). However, the court did not explicitly address whether the insured was allowed to change the policy owner without the beneficiary's consent. The court is aware of no controlling authority requiring an irrevocable beneficiary's consent to change the owner of an insurance policy, absent a relevant policy requirement. Since the policy does not reserve in defendant the right to change its owner, even where an insured's prior ownership change violates defendant's internal policies, defendant did not have authority to remove plaintiff as policy owner. Consequently, plaintiff is proper owner of the policy.

## CONCLUSION

Based on the foregoing, the court GRANTS IN PART and DENIES IN PART each party's motion for summary judgment (DE 55, 61), and AWARDS declaratory relief as follows. The court ADJUDGES AND DECLARES that defendant did not have authority to remove plaintiff as owner of the policy since the change designating her as such was valid; plaintiff is the proper owner of the policy; Payton is the proper beneficiary of the policy; the court need not reach the issue whether defendant had authority to restore Payton as beneficiary, since the change removing her as such was invalid. As a result of the foregoing, the court specifically DENIES plaintiff's request for a declaration that she must be immediately restored as policy beneficiary. Where the court now has adjudicated the parties' claims for declaratory relief, the clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of April, 2017.

                                        LOUISE W. FLANAGAN
                                        United States District Judge